THE PEOPLE, on the relation of Joseph N. Kies *et al.,* Appellants, *v.* RICHARD BREWER, Appellee.

### APPEAL FROM BUREAU.

A poll-book which shows the election of a school trustee for a town, by name, may be good, by proving that the town named and the congressional town were the same territory, and that the former trustees had, before the election, ordered that the school business of the township should be done under the particular name stated in the poll-book.

The postponement of an election of a school trustee is wrong. If within the time required by law a sufficient number of qualified voters organized and held an election, the person so elected will hold his office, notwithstanding an adjournment of the election at another hour in the day.

It will be intended that the election was in the proper county, if the returns were made to the school commissioner of the county, although the oath of the officer does not in the jurat or elsewhere show the name of the county.

THE facts of this case are detailed in the agreed statement of the facts, as follows, to wit: This was an information in the nature of a *quo warranto* against the defendant, for usurping and intruding into, and unlawfully holding and executing the office of " trustees of schools of township sixteen north, of range ten east, of the fourth principal meridian."

Pleas: not guilty and justification—that the said defendant was legally elected to said office on the 9th day of November, A. D. 1857, and had been legally qualified.

Issues of fact were taken by the People upon both pleas, and a jury empanneled to try the issues.

The defendant admitted that he was in said office.

The questions which arose on the trial of the cause, and which were all decided by the court, BALLOU, Judge, in favor of the defendant, were as follows, to wit:

1. That the poll-book of the election under which the defendant claimed, showed the returns for an election for " trustees

of schools of the *town* of Selby." The People objected to the admission of said poll-book; but upon the defendant showing that the said "town of Selby" and the aforesaid township sixteen were the same territorially, and that the said township was called the "town of Selby," and that the former trustees of said township had, before said election, ordered that the school business of said township should be done in the name of said "town of Selby," the. said poll-book was admitted in evidence to the jury; to which the People excepted.

2. That on the day when said defendant professed to have been elected, a number of the voters of the aforesaid township met at the proper place for holding an election for "trustees of schools of said township sixteen," and having waited until half past two o'clock in the afternoon of said day, and there being only six voters present, one of whom was a trustee of said township, and the voters present desiring it, without having organized into a board of election, it was moved that the said election be postponed until the next Monday, and at the same place and hour; and the said trustee (acting as chairman) having proposed said motion, and all the voters present having voted for a postponement of said election as aforesaid, the election was postponed and the voters present dispersed. No notice of said postponement was posted on the door of the school-house, (the place for holding said election), nor were the proceedings of said voters reduced to writing. That about an hour after said postponement, a number of voters assembled, and being verbally informed of said postponement, but claiming that such postponement was illegal, organized a board of election and held an election, at which twenty-four votes were polled, of which said defendant received twenty-two; that said judges of said election delivered the poll-book of said election to the school commissioner of the county of Bureau aforesaid; that the said defendant took and subscribed an oath of office and the anti-dueling oath, and an oath to support the constitution of the United States and of this State, but the affidavit did not in any part of it contain the words "Bureau county" or "State of Illinois;" said affidavit was made before a magistrate who was justice of the peace of said Bureau county, but it was not so stated in the body of the affidavit nor in the jurat to the same.

An election was subsequently held at the time and place fixed by the aforesaid postponement, and the three first mentioned relators were elected to said offices, receiving each thirty-two votes; of which last election the poll-book was delivered to the aforesaid school commissioner, and the said three relators were duly qualified by taking the prescribed oaths.

The court, upon the motion of the defendant, instructed the jury that the said postponement was illegal; that a postponement could not be had without a prior organization of a board of election; that a legal election could afterwards be had on the same day, in case no such prior organization was entered into; and that the trustees or judges could alone order an adjournment if desired by the voters present; to all which the People excepted.

The court overruled and refused to give an instruction offered by the People, " that the law did not require that notice of said postponement should be posted upon the door of said school-house, or that the postponement should be in writing;" to which the People then and there excepted.

The jury found for the defendant, and the court rendered judgment against the relators for costs, to which the People excepted, and an appeal was prayed for and allowed to said relators.

The errors assigned are,

1st. In admitting in evidence the poll-book of defendant's pretended election.

2nd. In instructing the jury that the postponement of the election on the 9th of November, A. D. 1857, was illegal, and that a legal election could be held afterwards on the same day.

3rd. In refusing to give the People's instruction, " that no notice of the said postponement need be posted on the door of the said school-house, and that said postponement need not be in writing."

4th. In not holding that the affidavit made by said defendant to qualify was insufficient.

5th. In rendering judgment in favor of the defendant, and against said relators for costs.

Wherefore the People, by said relators, pray that the said judgment be reversed and said defendant ousted from said office.

GIBONS & PETERS, for Relators.

TAYLOR & IDE, for Appellee.

BREESE, J. This was an information in the nature of a *quo warranto* against Brewer, to show cause why he had presumed to exercise the office of school trustee for township sixteen north, of range ten east of the fourth principal meridian.

The defendant justified under an election, and in his plea alleged that he was legally elected to that office on the ninth day of November, 1857, and had been legally qualified.

Issue was taken on this fact, and the cause tried by a jury.

To sustain the issue on his part, the poll-book of the election under which the defendant claimed, was offered in evidence, which showed the returns of an election for trustees of schools of the town of Selby. On objection made ·by relators, the defendant proved that the town of Selby and township sixteen north, range ten east, were the same territory, and that the township was called " the town of Selby," and that the former trustees of that township had, before defendant's election, ordered that the school business of that township should be done in the name of the " town of Selby." The poll-book was admitted.

We think it was properly admitted; the former trustees having required it, and there being nothing in the law to prohibit it.

The postponement of the election at the first meeting of the inhabitants, to the next Monday, amounts to nothing. The facts show that within the time required by law, on that day, a sufficient number of inhabitants, qualified to vote, organized a regular board of election, the result of which was the election of the defendant. The returns were duly made to the school commissioner of Bureau county, and all the oaths required by law administered to the defendant by a magistrate of that county. The objection that it does not appear from the body of the affidavit or the jurat to the same, that it was in Bureau county, State of Illinois, is not important. It will be intended it was in the proper county, as the returns were made to the school commissioner of the proper county.

The subsequent election at which the relators were elected, was invalid, the power of voters in this regard having been exhausted at the regular election at which the defendant was duly elected ; so that we are of opinion that the Circuit Court did not err in admitting the poll-book in evidence, nor in instructing the jury that the postponement of the election on the 9th of November, 1857, was illegal, and that a legal election could be held afterwards on the same day by the qualified voters then and there assembled, nor in holding that the act of qualifying by said defendant was sufficient, nor in rendering judgment in his favor.

The judgment is affirmed.

*Judgment affirmed.*